UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GLEN M. KINZEBACH,

Plaintiff,

-vs-

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

NO. CV-04-0173-WFN

ORDER

PENDING BEFORE THE COURT are Cross Motions for Summary Judgment. (Ct. Rec. 7, 12). Plaintiff is represented by Jeffrey Schwab; Defendant is represented by Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney David J. Burdett.

**I. JURISDICTION**

On August 31, 2001, Plaintiff Glen Kinzebach protectively applied for Disability Insurance and Supplemental Social Security Benefits. Plaintiff alleges disability due to attention deficit disorder. He contends that this condition became disabling on September 30, 1998. Plaintiff's application was denied initially and on reconsideration. Plaintiff appeared before Administrative Law Judge [ALJ] Mary B. Reed on June 4, 2003. The ALJ issued a decision on November 25, 2003, finding that Plaintiff was not disabled and denying his claim. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920 *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520a(a)(4)(i), 416.920a(a)(4)(i). If he is, benefits are denied. If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity assessment is considered. If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform his previous work, then the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, work experience and residual functional capacity? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III. STANDARD OF REVIEW**

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence, *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); however, if the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). A decision supported by substantial evidence

will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## IV. STATEMENT OF FACTS

The facts have been presented in the administrative transcript and will only be summarized here. At the time the ALJ issued her decision, Plaintiff was 34 years old. He has fourteen years of education. His past relevant work includes employment as a kitchen helper, dishwasher, commercial cleaner, dining room attendant, stock clerk, produce sorter, horticultural worker, delivery person, and box maker. Plaintiff alleges that he has been disabled since September 30, 1998, due to attention deficit disorder.

## V. COMMISSIONER'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. At step two, the ALJ found that Plaintiff had an impairment which was considered "severe" under the Social Security Regulations. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any impairments described in the listing of impairments. The ALJ determined that Plaintiff had the residual functional capacity to perform a full range of exertion; however, his mental impairment (absent his marijuana use) caused moderate limitations in his ability to interact appropriately with the public, accept instructions and respond appropriately to supervisors, and get along with co-workers and peers. When substance abuse was considered, the ALJ found that Plaintiff could not be able to perform his past relevant work nor any other work that exists in the regional or national economy.

Notwithstanding the above findings, the ALJ concluded that Plaintiff was able to return to his past relevant work when she excluded consideration of his substance abuse problems. The ALJ therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. §§404.1520(a)(4)(iv-v), 416.920(a)(4)(iv-v).

## VI. ISSUES

Plaintiff contends that the Commissioner's findings are tainted by legal error and unsupported by substantial evidence. He argues the Commissioner's decision was in error because: (1) the ALJ did not provide adequate reasons for rejecting the opinions of Plaintiff's treating and examining physicians; (2) the ALJ's credibility determination was not supported by substantial evidence; and (3) the ALJ did not follow the correct legal standard in determining whether his substance abuse was a contributing factor material to his disability. This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## VII. DISCUSSION

The regulations distinguish among the opinions of three types of physicians: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing or consulting physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Plaintiff argues that the ALJ improperly rejected the opinions of Donald Rice, M.D., an examining psychiatrist; James Goodwin, Psy.D, a treating psychologist; Stephen Sutherland, Ph.D, an examining psychologist; Thomas Rowe, Ph.D, an examining psychologist; and Jeffrey Startzel, Psy.D, a treating psychologist.

In a disability proceeding, the treating physician's opinion is given special weight because he is employed to cure and has a greater opportunity to observe the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). If the treating physician's opinions are not contradicted,

they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if she states specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604. In evaluating whether the ALJ provided adequate reasons for discrediting certain medical evidence, this Court is constrained to the reasons provided by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Dr. James Goodwin, a treating psychologist, opined that Plaintiff's impairments caused moderate to severe cognitive and social limitations, including severe limitations in the ability to perform routine tasks, relate appropriately to supervisors and co-workers, interact with the public, and tolerate the pressure of a normal work setting. Dr. Goodwin stated that drug and alcohol abuse moderately exacerbated Plaintiff's mental impairment and recommended discontinued cannabis consumption as part of his plan of care.

The ALJ rejected Dr. Goodwin's impairment ratings because the assessed limitations included the claimant's substance abuse. This was not a specific and legitimate reason for rejecting Dr. Goodwin's findings regarding Plaintiff's functional limitations. Pursuant to *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001), the ALJ was required

to evaluate the medical opinions of record and determine which limitations were impacted by alcoholism or drug addiction. It is noted that Dr. Goodwin stated that the Plaintiff's drug and alcohol abuse caused only a *moderate* impact on his ability to perform work related activities--this suggests that those limitations which were characterized as "severe" would be reduced to "marked," leaving the Plaintiff with significant limitations notwithstanding his substance abuse. It is also noted that Dr. Goodwin is a treating physician offering an opinion in his area of specialty. "The agency generally gives more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." *Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5)). Dr. Goodwin's findings are therefore entitled to substantial deference on remand.

## VIII. CONCLUSION

Because the Court finds that the ALJ improperly rejected the opinion of Dr. Goodwin, it remands this matter for a reevaluation of the medical evidence. The Commissioner is cautioned that the opinion of Dr. Mabee, standing alone, cannot form the basis for discrediting Dr. Goodwin's findings regarding Plaintiff's functional limitations. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). The ALJ shall also reevaluate Plaintiff's credibility to the extent that it was discredited as being unsupported by the medical evidence.

The Court does not conclude that the ALJ failed to follow the process set forth in *Bustamante v. Massanari*. The ALJ did separate out the effects of the drug and alcohol abuse; however, she did so on a provider by provider basis rather than in the format recommended by the *Bustamante* decision. Notwithstanding, the ALJ is also directed to reevaluate the Plaintiff's residual functional capacity and repeat steps four and five of the sequential evaluation process in manner not inconsistent with this opinion. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **Ct. Rec. 7**, is **GRANTED**; the captioned matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment, **Ct. Rec. 12**, is **DENIED**.

3. Judgment shall be entered for the **PLAINTIFF**. An application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order, provide copies to counsel, and to **CLOSE THIS FILE**.

**DATED** this 7th day of July, 2005.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATED DISTRICT JUDGE

07-07